

Case 3:98-cr-00206-K   Document 529   Filed 06/27/06   Page 1 of 4   PageID 3471

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | No.   3:98-CR-206-K (03) |
| vs. | § § | |
| LUIS ANTONIO MURILLO, | § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Procedural Background

Before the Court is Defendant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Defendant's motion attacks the judgment of conviction in his criminal case. Such a motion is properly construed as a motion pursuant to 28 U.S.C. § 2255. *See United States v. Rich*, 141 F.3d 550 (5th Cir. 1998).

Defendant pled guilty to conspiracy to distribute crack cocaine and aiding and abetting in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On April 12, 1999, the Court sentenced Defendant to 188 months confinement and five years supervised release. Defendant did not file an appeal.

Page 1

On December 29, 2000, Defendant filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On April 25, 2001, the Court dismissed the motion as barred by limitations.

On March 27, 2006, Defendant filed the instant Rule 60(b) motion. He argues his conviction and sentence are unlawful because he is actually innocent, his sentence violates the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and he received ineffective assistance of counsel.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Movant must obtain such an order before another motion for post-conviction relief is filed.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 27 day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).